Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233146)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Telephone:    +1 510 763 2000

Attorneys for Defendants World Savings Bank, FSB and Ken Thompson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CESAR ANCHANTE-MARTINETTI** Sramineus Homo, US Vessel,<br><br>**Libellant,**<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, President, U.S. Vessel DOES, ROES, and MOES 1-100 et al, US Vessel sand,<br><br>**Libellees,**<br><br>Cesar Anchante-Martinetti Lien Holder of the Vessel, the Real Party In Interest, Lawful Man Injured Third Party Intervener/Petitioner/ Libellant,<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, PRESIDENT, U.S. Vessel DOES, ROES and MOES 1-100 et al **US VESSELS INDIVIDUALLY AND SEVERALLY**,<br><br>**Third Party Defendants/Libellees** | No.: CV 07-5929<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:    February 1, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 10<br>Compl. Filed:    November 26, 2007<br><br>Honorable Susan Illston |

## I.     INTRODUCTION

If the Court has read Cesar Anchante-Martinetti's ("Plaintiff") incoherent and rambling "PetitliveOn For Libel Of Review Of An Administrative Judgment" ("Complaint"), the below motion is merely a formality.  Plaintiff's initial filing appears to be some sort of complaint filed against World Savings Bank, FSB (erroneously sued as "World Savings") and its President, Ken Thompson.[1]  However, the "Complaint" fails to state a single coherent thought, let alone a cause of action.  Plaintiff's *pro per* status does not excuse his failure to present any facts that could be interpreted to support a cause of action.  The Court should dismiss Plaintiff's Complaint because: 1) it fails to state facts upon which relief may be granted and 2) it is so incomprehensible World cannot reasonably be expected to respond to it.

## II.     FACTUAL BACKGROUND

On November 26, 2007, Plaintiff filed a document entitled "PetitliveOn For Libel of Review Of An Administrative Judgment."  World is unable to discern a single factual or legal allegation from this "Complaint."  Thus, World is forced to bring the instant motion to dismiss.

## III.     LEGAL ANALYSIS

**A.     Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(b)(6) Because It Fails To State a Cause Of Action**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when the complaint either exhibits a "lack of a cognizable legal theory or the absence of sufficient facts under

---

[1] Plaintiff's decision to personally name World's President in this action demonstrates the purpose (and effect) of the instant action is to harass World and its employees.

a cognizable legal theory." <u>Balisteri v. Pacifica Police Dept.</u>, 901 F. 2d 696, 699 (9th Cir. 1988). If amendment of a complaint would be futile, leave to amend should be denied. <u>Albrecht v. Lund</u>, 845 F.2d 193 (1988).[2]

Plaintiff fails to identify *any* facts, let alone those sufficient to support a cause of action against World or Mr. Thompson (collectively, "Defendants"). Indeed, the only thing that is clear from Plaintiff's factually devoid Complaint is that she has no cause of action against Defendants, especially not one arising under admiralty law. It appears that Plaintiff filed this document merely to harass Defendants. Thus, the Court should dismiss Plaintiff's Complaint with prejudice for failure to state facts upon which relief may be granted.

**B.     Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(2) Because It Is So Vague And Ambiguous World Cannot Reasonably Be Expected To Respond**

Federal Rule of Civil Procedure 12(e) states, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more definite statement is properly granted "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." <u>Optovue Corp. v. Carl Zeiss Meditec, Inc.</u>, No. 07-3010, 2007 U.S. Dist. LEXIS 65647 (N.D. Cal. Aug 20, 2007) (citations omitted).

It is hard to imagine a Complaint more susceptible to a Rule 12(e) motion than the one currently before this Court. Plaintiff cites everything from admiralty law to the Bible in failing

---

[2] It is important to note that a plaintiff who represents herself is not entitled to special treatment. To the contrary, she is required to comply with the same rules of civil procedure governing all litigants. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to identify any relevant factual or legal allegations in support of his claim.  See Complaint, 3:13 ("The law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27").  Even when Plaintiff uses legal jargon, she juxtaposes terms in such a way as to create "sentences" void of any meaning.  Id. at 6:p ("The Liballees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiesence and Res Judicata by Agreement and cannot proceed.").  In some places, Plaintiff uses his name interchangeably with that of a ship.  Id.. at 6:u.  In sum, World cannot be reasonably expected to understand what Plaintiff is claiming, let alone respond to those complaints.  Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(e) as well.

**C.    Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(b)(1) Because It Fails To State Facts Sufficient To Show This Court Has Jurisdiction**

Finally, it is well settled that Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction.  Federal courts can only adjudicate cases as authorized by the Constitution or statute.  See Kokken v. Guardian Life Ins. Co of American, 511 US 375, 380-81 (1994).  The proper means for challenging lack of subject matter jurisdiction is a Rule 12(b)(1) motion.

Although Plaintiff appears to claim that this court may exercise admiralty jurisdiction over the instant matter, the Complaint and common sense do not support such a claim.  The Complaint fails to identify any facts to support Plaintiff's claim of admiralty jurisdiction.  This is not surprising as she is suing a bank that does not conduct business on the "high seas."  Again, Plaintiff's complaint is nonsense and should be dismissed for lack of jurisdiction.

## IV. CONCLUSION

World and Mr. Thompson have already wasted considerable time and resources responding to Plaintiff's nonsensical Complaint. Plaintiff should not be permitted to further abuse the judicial process and harass Defendants. Thus, as outlined above, the Court should dismiss Plaintiff's Complaint *with prejudice*.

DATED: December 17, 2007.

>REED SMITH LLP
>
>By  /s/ Keith D. Yandell
>   Jack R. Nelson
>   Keith D. Yandell
>   Attorneys for Defendants World Savings Bank, FSB and Ken Thompson