Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233146)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Telephone:    +1 510 763 2000

Attorneys for Defendants World Savings Bank,
FSB and Ken Thompson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CESAR ANCHANTE-MARTINETTI** Sramineus Homo, US Vessel,<br><br>**Libellant,**<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, President, U.S. Vessel DOES, ROES, and MOES 1-100 et al, US Vessel sand,<br><br>**Libellees,** | No.: CV 07-5929<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:    March 28, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 10, 19th Fl.<br>Compl. Filed:    November 26, 2007<br><br>Honorable Susan Illston |
| Cesar Anchante-Martinetti<br>Lien Holder of the Vessel, the Real Party<br>In Interest, Lawful Man<br>Injured Third Party Intervener/Petitioner/<br>Libellant,<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, PRESIDENT, U.S. Vessel<br>DOES, ROES and MOES 1-100 et al<br>    **US VESSELS**<br>**INDIVIDUALLY AND SEVERALLY,**<br><br>    **Third Party Defendants/Libellees** | |

## I. INTRODUCTION

In its January 23, 2008 Order ("Order") dismissing Plaintiff Cesar Anchante-Martinetti's ("Plaintiff") incoherent and rambling "PetitliveOn For Libel Of Review Of An Administrative Judgment" ("Complaint"), the Court stated that Plaintiff must file an amended complaint no later than February 8, 2008 to avoid a dismissal with prejudice. Plaintiff did not file an amended pleading until February 11. Thus, his First Amended Complaint ("FAC") should be dismissed, without leave to amend.

In any event, Plaintiff's FAC is inherently deficient and again fails to state a single cause of action against World Savings Bank, FSB or its President Ken Thompson (collectively, "Defendants"), let alone the basis for this Court's jurisdiction. Plaintiff's *pro per* status does not excuse his failure to present any facts that could be interpreted to support a cause of action. The Court should dismiss Plaintiff's Complaint because: 1) it was not timely, 2) it fails to state any basis for federal jurisdiction, 3) it fails to state facts upon which relief may be granted, and 4) it is so incomprehensible World cannot reasonably be expected to respond to it. Moreover, as this is Plaintiffs' second attempt to state a cause of action against World Defendants, his FAC should be dismissed *with prejudice*.

## II. FACTUAL BACKGROUND

On November 26, 2007, Plaintiff filed a document entitled "PetitliveOn For Libel of Review Of An Administrative Judgment." In response, World filed a Motion To Dismiss, which this Court granted on January 23, 2008. The Court's Order stated, "**Any amended complaint must be filed by February 8, 2008. Failure to file an appropriate amended complaint by that date will result in dismissal without leave to amend.**" Id. at 2:7-8 (emph. in original). Plaintiff did not file his FAC until February 11, 2008.

Moreover, the amended complaint Plaintiff did file was not "appropriate." The only place the FAC comes close to informing the reader of why Plaintiff insists on suing World and its President is on page 2, which reads, "JURISDICTION: This is a breach of agreement matter. Defendant is a National Bank chartered under the laws of the United States."

### III.   LEGAL ANALYSIS

#### A.   Plaintiffs' Amended Complaint Was Not Timely And Should Be Dismissed

The Court's January 23, 2008 Order stated in no uncertain terms that Plaintiff's failure to file an Amended Complaint by February 8, 2008 "**will result in dismissal without leave to amend.**" As Plaintiff failed to file his FAC by February 8, the Court should dismiss Plaintiff's FAC with prejudice.

#### B.   Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(b)(6) Because It Fails To State a Cause Of Action

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when the complaint either exhibits a "lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1988). If amendment of a complaint would be futile, leave to amend should be denied. Albrecht v. Lund, 845 F.2d 193 (1988).[1]

Plaintiff fails to identify any facts supporting his vague allegation of "breach of agreement" against Defendants. Specifically, Plaintiff does not state the content of the agreement,

---

[1] It is important to note that a plaintiff who represents herself is not entitled to special treatment. To the contrary, she is required to comply with the same rules of civil procedure governing all litigants. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1  Defendants' alleged breach, Plaintiff's performance, etc.  Again, it appears that Plaintiff filed this
2  document merely to harass Defendants.  Thus, the Court should dismiss Plaintiff's Complaint with
3  prejudice for failure to state facts upon which relief may be granted.

**C.     Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(2) Because It Is So Vague And Ambiguous World Cannot Reasonably Be Expected To Respond**

Federal Rule of Civil Procedure 12(e) states, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  A Rule 12(e) motion for a more definite statement is properly granted "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made."  <u>Optovue Corp. v. Carl Zeiss Meditec, Inc.</u>, No. 07-3010, 2007 U.S. Dist. LEXIS 65647 (N.D. Cal. Aug 20, 2007) (citations omitted).

It is hard to imagine a Complaint more susceptible to a Rule 12(e) motion than the one currently before this Court.  Plaintiffs' FAC is totally incoherent.  Even when Plaintiff uses legal jargon, he juxtaposes terms in such a way as to create "sentences" void of any meaning.  The FAC states, "The Liballees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiesence and Res Judicata by Agreement and cannot proceed."  FAC at 4:7-9.  In sum, Defendants cannot be reasonably expected to understand what Plaintiff is claiming, let alone respond to those allegations.  Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(e) as well.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**D.      Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(b)(1) Because It Fails To State Facts Sufficient To Show This Court Has Jurisdiction**

Although Plaintiff appears to claim that this court may exercise jurisdiction over the instant matter because World is a federally chartered bank, federal courts do not have jurisdiction over breach of contract claims unless additional facts are pled.  It is well settled that Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction.  Federal courts can only adjudicate cases as authorized by the Constitution or statute.  See Kokken v. Guardian Life Ins. Co of American, 511 US 375, 380-81 (1994).  Thus, the FAC fails to identify any facts to support Plaintiff's claim of jurisdiction.  Again, Plaintiff's complaint is nonsense and should be dismissed for lack of jurisdiction.

### IV.      CONCLUSION

Defendants have already wasted considerable time and resources responding to Plaintiff's second nonsensical complaint.  Plaintiff should not be permitted to further abuse the judicial process and harass Defendants.  Thus, as outlined above, the Court should dismiss Plaintiff's Complaint *with prejudice*.

DATED:  February 13, 2007.

                                        REED SMITH LLP


                                        By     /s/ Keith D. Yandell                              
                                            Jack R. Nelson
                                            Keith D. Yandell
                                            Attorneys for Defendants World Savings Bank, FSB and Ken Thompson