Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233146)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Telephone: +1 510 763 2000

Attorneys for Defendants World Savings Bank, FSB and Ken Thompson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CESAR ANCHANTE-MARTINETTI** Sramineus Homo, US Vessel,<br><br>**Libellant,**<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, President, U.S. Vessel DOES, ROES, and MOES 1-100 et al, US Vessel sand,<br><br>**Libellees,**<br><br>_____<br><br>Cesar Anchante-Martinetti<br>Lien Holder of the Vessel, the Real Party In Interest, Lawful Man<br>Injured Third Party Intervener/Petitioner/Libellant,<br><br>v.<br><br>WORLD SAVINGS, KEN THOMPSON, PRESIDENT, U.S. Vessel<br>DOES, ROES and MOES 1-100 et al<br>**US VESSELS INDIVIDUALLY AND SEVERALLY**,<br><br>**Third Party Defendants/Libellees**<br>_____ | No.: CV 07-5929<br><br>**WORLD SAVINGS BANK, FSB'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 28, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Fl.<br>Compl. Filed: November 26, 2007<br><br>Honorable Susan Illston |

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the Standing Order for all Judges of the Northern District of California, Defendants World Savings Bank, F.S.B. and Ken Thompson (collectively "World" or "Defendants") hereby submit this Case Management Statement.

As the Court is aware, Defendants have moved to dismiss Plaintiff's Complaint, and that motion is scheduled to be heard on March 28, 2008, the same day as the Case Management Conference. Because World has not yet answered the Complaint, and because the Complaint is nearly impossible to comprehend, World has not yet been able to fully assess all of the issues discussed below. World has provided as much information as it is able to provide at this time.

I. JURISDICTION AND SERVICE

World has filed a motion to dismiss Plaintiffs' Complaint. One of the grounds asserted for dismissal in that motion is that Plaintiffs' invocation of admiralty jurisdiction is invalid. World further contends that there is no jurisdiction in this court because, as far as can be ascertained, although World is a federal savings bank and governed by federal law and regulations, no specific or readily identifiable claim based on federal (or any) law has been raised.

II. FACTS

A. <u>Plaintiffs' Claims</u>: Because the Complaint is so obtusely worded, World is unclear what claims are exactly being made. From what World has been able to discern, Plaintiffs allege that, after having submitted various documents and notices to World and receiving no response, World has now somehow agreed to discharge Plaintiffs' mortgage debt and has also waived its right to contest this lawsuit. Plaintiffs now appear to seek a declaratory judgment based upon an unknown "administrative remedy," one which Plaintiffs alone understand.

B. <u>Defendants' Defenses:</u> Because of the pending Motion to Dismiss, World has not yet answered. Accordingly, World has not yet been required to assert any defenses other than Plaintiffs' failure to state a viable claim. World reserves the right to assert affirmative defenses in the event that one or both Defendants are required to answer the Complaint.

### III. LEGAL ISSUES

At this point, due to the confusing allegations of the Complaint, World is unable to determine what legal issues, if any, are presented.

### IV. MOTIONS

Beyond its present Motion to Dismiss, if World is required to answer and defend against the Complaint, World believes it can demonstrate in a summary judgment motion that it has fully complied with all governing laws requiring any disclosure to Plaintiffs. On that basis, World believes it can obtain summary judgment in its favor.

### V. AMENDMENT OF PLEADINGS

If its motion for dismissal is not granted, World intends to move for a more definite statement so that it may know what actions are being alleged and so that it may properly prepare its defenses.

### VI. EVIDENCE PRESERVATION

Although it is not sure what exactly is being alleged, World has taken steps to preserve all documents it has regarding the mortgage loan taken out by Cesar Anchante-Martinetti.

### IV. DISCLOSURES

#### A. By Plaintiff:

As of the date of this Statement, World has not received the Fed. R. Civ. P. 26 disclosures from Plaintiffs.

#### B. By Defendants:

World serves its Fed. R. Civ. P. 26 disclosures concurrently with this Statement. Should this matter continue, Defendants intend to take Mr. Martinetti's deposition, and serve document requests, interrogatories and request for admissions. At this time, World does not anticipate a significant number of depositions or requests.

### V. DISCOVERY

As of the date of this Statement, no discovery has been taken.

### VI. CLASS ACTIONS

World is unaware of any plans to request certification of a class.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## VII. RELATED CASES

On January 15, 2008, Judge Joseph C. Spero determined these cases, all pending the United States District Court for the Northern District of California, to be related – Mr. Anchante-Martinetti is a plaintiff in some of these cases:

- C 07-05903    Urzua v. Countrywide Bank, et al.
- C 07-05906    Urzua v. America's Servicing Company, et al.
- C-07-05931    Urzua v. World Saving, et al.
- C-07-05932    Urzua, et al. v. IndyMac Bank, et al.
- C-07-06349    Urzua, et al. v. Countrywide Home Loans, et al.

## VIII. RELIEF

Not applicable.

## IX. SETTLEMENT AND ADR

World does not see the value of settlement discussions so long as Plaintiffs continue operating under the mistaken assumption that their "administrative remedy" claim somehow erases their mortgage debt. Indeed, not only do Plaintiffs owe to World a significant amount of money, they have cost World incalculable damages, including financial cost and losses in employee time.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

World is willing to consents to a Magistrate Judge to conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

World does not believe this case is suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this moment, World is unaware of any issues which can be narrowed. Given the nature of Plaintiffs' complaint, it is unlikely that World will be able to stipulate or agree to any matter alleged.

## XVI. EXPEDITED SCHEDULE

World does not believe this matter requires any special or expedited scheduling.

## XVII. SCHEDULING

World believes its motion to dismiss, scheduled to be heard on April 4, 2008, is a well taken

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

motion and should be granted.  World therefore believes that no further scheduling will be necessary.

XVIII. TRIAL

World does not believe this matter, as framed in the complaint, warrants a trial.

XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None

DATED:  March 21, 2007.

REED SMITH LLP

By    /s/ Keith D. Yandell
      Jack R. Nelson
      Keith D. Yandell
      Attorneys for Defendants World Savings Bank, FSB and Ken Thompson