IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ANCHANTE-MARTINETTI,<br><br>    Plaintiff,<br><br>  v.<br><br>WORLD SAVINGS BANK, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 07-5929 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; CANCELING MARCH 28, 2008 HEARING AND CASE MANAGEMENT CONFERENCE** |

    Defendants' motion to dismiss the amended complaint is scheduled for a hearing on March 28, 2008 at 9:00 am. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motion without leave to amend (Docket No. 15). The Court also CANCELS the case management conference scheduled for 2:00 pm.

    On November 26, 2007, plaintiff filed a "Petition for Libel of Review of an Administrative Judgment." Plaintiff's petition stated, among other things, that he sought review of a foreign judgment and that this case involves "a constitutional matter involving a man on the land complaining about theft and kidnap." Plaintiff attached numerous documents to his petition, including a "conditional acceptance," a "letter rogatory," and several affidavits. Plaintiff stated that "all parties are U.S. Vessels" and that the Public Vessels Act applied to this case. The petition also stated that the complaint is brought under admiralty law. Plaintiff also attached to his petition an "Accounting and True Bill" which sought over 33 million dollars in damages.

    By order filed January 23, 2008, the Court granted defendants' motion to dismiss the complaint and granted plaintiff leave to amend. The Court found that plaintiff had failed to state a claim for which

1  relief can be granted because the Court could not determine the factual or legal bases for plaintiff's
2  claims. The Court instructed plaintiff that if he wished to file an amended complaint, the amended
3  complaint shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that
4  plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall
5  identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the
6  dates upon which the events occurred; and (4) state the relief that plaintiff seeks. The Court further
7  instructed plaintiff to file any amended complaint by February 8, 2008.

8  On February 11, 2008, plaintiff filed an amended complaint. The amended complaint states that
9  plaintiff is a "flesh and blood man" and "libellant," and that he has "perfected an administrative
10 counterclaim procedure to exhaust [his] administrative remedies in this instant matter." Amended
11 Complaint ¶¶ 2, 8. The amended complaint states that "this is a breach of agreement matter," and that
12 on August 29, 2007, "Libellees sent a presentment to me demanding payment of a sum certain." *Id*. ¶
13 10. The amended complaint states that plaintiff sent several documents to defendant World Savings
14 Bank, including a "Conditional Acceptance of their claim upon submitting Proof of Claim," a "Letter
15 Rogatory," and an affidavit. *Id*. ¶ 12(b)-(f). The complaint alleges that plaintiff did not receive a
16 response, and then plaintiff sent World Savings Bank an "Invoice and Notice for Demand and
17 Settlement for Closing of the Escrow." *Id*. ¶ 12(n). The complaint then states, "[t]he
18 Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration,
19 Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed,
20 Administrative or Judicial without committing perjury and causing further injury to the injured party
21 petitioner/libellant/Claimant." *Id*. ¶ 12(r). Plaintiff attached to the amended complaint an order in *In
22 re Foreclosure Cases*, in which Judge Boyko of the United States District Court, Northern District of
23 Ohio, dismisses without prejudice a number of foreclosure cases. It does not appear that there is any
24 connection between plaintiff's case and the Ohio actions.

25 Defendants have moved to dismiss the amended complaint for failure to state a claim. Plaintiff
26 filed an "answer" to the motion which copies portions of the amended complaint, and also states that
27 plaintiff has been the "victim of dishonorable predatory lending." A significant portion of plaintiff's
28 answer is devoted to nonsensically attacking defense counsel.

Although plaintiff is representing himself,[1] plaintiff is still required to comply with the Federal Rules of Civil Procedure and the Court's orders. The Court's January 23, 2008 order provided specific guidance to plaintiff regarding the filing of an amended complaint, yet neither plaintiff's amended complaint nor the "answer" to the motion to dismiss provide sufficient facts regarding plaintiff's claims, nor do they state the basis for federal jurisdiction or specifically identify the claims that plaintiff is alleging. Because plaintiff has not cured the deficiencies in the complaint, the Court finds it appropriate to dismiss plaintiff's amended complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: March 26, 2008

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that although plaintiff is representing himself, a number of cases have been filed in the Northern District of California containing virtually identical pleadings as those filed in this case.

3